# United States Court of Appeals For the District of Columbia Circuit

HUNTSMAN PETROCHEMICAL LLC, ET AL.
                Petitioners,

v.

ENVIRONMENTAL PROTECTION AGENCY
                Respondent.

On Petitions for Judicial Review of Final Agency Actions of the United States Environmental Protection Agency, 85 Fed. Reg. 49084 (Aug. 12, 2020) and 87 Fed. Reg. 77985 (Dec. 21, 2022)

## Petitioners' Motion for Additional Briefing

Allen A. Kacenjar
John D. Lazzaretti
Squire Patton Boggs (US) LLP
1000 Key Tower
127 Public Square
Cleveland, OH 44139
216.479.8500
allen.kacenjar@squirepb.com
john.lazzaretti@squirepb.com

*Counsel for Petitioner Huntsman Petrochemical LLC*

August 1, 2024

Laura K. McAfee
Beveridge & Diamond, PC
201 North Charles Street, Suite 2210
Baltimore, MD 21201
410.230.1300
lmcafee@bdlaw.com

David M. Friedland
Beveridge & Diamond, PC
1900 N Street NW
Suite 100
Washington, DC 20036
202.285.4326
dfriedland@bdlaw.com

*Counsel for Petitioners American Chemistry Council & Louisiana Chemical Association*

Of Counsel:

Elliott Zenick
Assistant General Counsel
American Chemistry Council
700 Second Street NE
Washington, DC 20002

*For American Chemistry Council*

Tokesha Collins-Wright
Vice-President, Environmental Affairs
and General Counsel
Louisiana Chemical Association
301 Main Street, Suite 2040
Baton Rouge, Louisiana 70801

*For Louisiana Chemical Association*

# PETITIONERS' MOTION FOR ADDITIONAL BRIEFING

Pursuant to Federal Rule of Appellate Procedure 26(b) and 27, Petitioners American Chemistry Council, Louisiana Chemical Association, and Huntsman Petrochemical LLC hereby request limited additional briefing to address the impact of recent Supreme Court decisions on this matter. In support of this motion, Petitioners state as follows:

1. On June 28, 2024, the Supreme Court issued its decision in *Loper Bright Enterprises v. Raimondo,* No. 22-452 (U.S. June 28, 2024). That case concluded that it is the Court, not the agency, who determines the "best" reading of an ambiguous statute, even where that ambiguity "happens to implicate a technical matter." Slip op. at 23-24.

2. The day before, on June 27, 2024, the Supreme Court issued an emergency stay in *Ohio v. EPA*, No. 23A-349 (U.S. June 27, 2024). In that decision, the Supreme Court emphasized that agencies must substantively address concerns raised by commenters, that EPA's response in that case "did not address the applicants' concern so much as sidestep it," and that the applicants were therefore entitled to "reversal" of the rule under 42 U.S.C. §7607(d)(9). Slip op. at 13-14.

3. Both cases address issues that go to the heart of Petitioners' challenge to the Miscellaneous Organic NESHAP. For example, *Loper Bright* requires the

Court to independently evaluate whether EPA unlawfully interpreted Section 112(f) of the Clean Air Act when it relied solely on the IRIS value for ethylene oxide to make its residual risk determination. Petitioners further argue that EPA improperly put its thumb on the scale in favor of the IRIS value, assuming without analysis that the IRIS value was correct, and rejecting any contrary evidence submitted by Petitioners simply because that evidence did not agree with the IRIS value. Petitioners further contend that EPA simply dismissed significant evidence that undercut the reliability of the IRIS value, without providing a reasoned basis, founded on facts in the record, for doing so.

4. *Loper Bright* also requires the Court to independently evaluate whether EPA met its statutory obligation to address relevant findings of the National Academy of Sciences under Section 307(d)(3) of the Clean Air Act.

5. *Ohio v. EPA* requires that the Court address Petitioners' arguments regarding the inadequacy of EPA's responses to the significant facts, data and concerns they raised during the comment period

6. The appropriate remedy for these failures is reversal of the Rule, which EPA cannot avoid by offering "explanations and information…after the rule's promulgation." *Ohio*, Slip Op. at 14, n.11.

7. Another panel of this Court issued an Order on July 29, 2024 (Entry 2067052) requiring the parties to provide the additional briefing that Petitioners

request here. In *State of Texas v. EPA*, No. 22-1031, the Court (Judges Srinivasan, Katsas, and Pan) ordered the parties to file simultaneous supplemental briefs addressing, among other things "…to what extent, if any, the Supreme Court's decision in Loper Bright Enterprises v. Raimondo, 144 S. Ct. 2244 (2024), is relevant to the issues of statutory interpretation presented in these cases."

## CONCLUSION

Petitioners therefore request limited additional briefing to address the impact of these recent decisions on the issues critical to this case.

# CERTIFICATE OF COMPLIANCE

The foregoing Motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) and Circuit R. 27, because it contains 522 words, excluding those parts of the motion exempted by Fed. R. App. P. 32(f). I further certify that the foregoing motion also complies with Fed. R. App. P. 32(a)(5) and (6) because it has been prepared using Microsoft Word 365 in 14-point proportionally spaced Times New Roman font.

Respectfully submitted,

/s/ Laura K. McAfee
Laura K McAfee
Beveridge & Diamond, PC
201 North Charles Street, Suite 2210
Baltimore, MD 21201
410.230.1300
lmcafee@bdlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August 2024, the foregoing Motion was served electronically on all registered counsel through the Court's CM/ECF system on all registered counsel.

Respectfully submitted,

/s/ Laura K. McAfee
Laura K McAfee
