ORAL ARGUMENT HELD ON FEBRUARY 16, 2024

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Huntsman Petrochemical LLC, American Chemistry Council, and Louisiana Chemical Association,<br><br>Petitioners,<br><br>v.<br><br>U.S. Environmental Protection Agency,<br><br>Respondent. | No. 23-1085 and consolidated cases |

### EPA's Opposition to Motion for Additional Briefing

No further briefing is needed here and the Court should deny Petitioners' motion seeking that relief.

Though Petitioners cite the Supreme Court's decisions in *Loper Bright Enterprises v. Raimondo* and *Ohio v. EPA* as reason for more briefing, EPA has already explained why neither decision affects this case. *See* EPA's Rule 28(j) Response (July 31, 2024). Petitioners' motion ignores EPA's explanation. That alone dooms their motion.

In any event, *Loper Bright* addresses deference to an agency's statutory interpretation. Statutory interpretation, however, is not an issue here. Rather, this

1

case revolves around whether the record supports EPA's action. And existing briefing shows that it does. *See* EPA Br. at 16-41.

Nor does the Court's order in another case, *Texas v. EPA*, change that conclusion. Mot. at 2-3 (citing Order (July 29, 2024), Case No. 22-1031). The *Texas* order explains why: It calls for briefing that addresses, among other things, "to what extent, if any,…*Loper Bright*…is relevant to the issues of statutory interpretation presented in these cases." Order at 2; *see* Mot. at 2-3. The *Texas* case, in other words, presents "issues of statutory interpretation." This case does not. So there is no reason to brief *Loper Bright* here.

As for Petitioners' invocation of *Ohio*, it merely reiterates that EPA needs to adequately address significant comments. Mot. at 1. Again, existing briefing shows how EPA has done so. *See* EPA Br. at 42-45; *see also id.* at 16-41.

Ultimately, at this late stage—almost six months after oral argument—Petitioners cannot inject new issues into the case. The Court should deny their request for more briefing.

Submitted on August 6, 2024.

                                         */s/ Sue Chen*
                                    Sue Chen
                                    U.S. Department of Justice
                                    Environment & Natural Resources Division
                                    Environmental Defense Section
                                    P.O. Box 7611
                                    Washington, D.C. 20044
                                    202.305.0283

Sue.Chen@usdoj.gov

**Certificates of Compliance and Service**

I certify that this filing complies with Fed. R. App. P. 27(d)(1)(E) because it uses 14-point Times New Roman, a proportionally spaced font.

I also certify that this motion complies with Fed. R. App. P. 27(d)(2)(A), because by Microsoft Word's count, it has 264 words, excluding the parts exempted under Fed. R. App. P. 32(f).

Finally, I certify that on August 6, 2024, I filed the foregoing with the Court's CMS/ECF system, which will notify each party.

                                                    */s/ Sue Chen*
                                                  Sue Chen